IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20779
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM P. VERKIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-94-CR-141-4)
_____

August 20, 1999

Before POLITZ, JOLLY, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

This case involves a fairly complex real estate deal involving Verkin and several business partners of Verkin's. In 1986, Verkin had earnest money contracts on about 500 acres of undeveloped land owned by the heirs of John A. Campbell ("the Campbell heirs"). Around the same time, Verkin discovered a business opportunity involving Burkett's Distributing Company, a beer distributorship that was potentially profitable but had defaulted on loans it owed to the Government Employees Credit Union ("GECU"). Verkin and three partners decided to structure a deal whereby they would acquire both the 500 acres of land and the brewery by using the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

land as collateral. They were successful in obtaining loans from GECU and completed the deal. During the negotiations, one of Verkin's partners told the bank that, due to surveying errors, the mortgage should only cover 458 acres (this statement was false). Shortly thereafter, their plans fell apart and they defaulted on the loans. In the aftermath, Verkin and his three partners were charged with and convicted of conspiracy and bank fraud. Verkin now appeals and, finding no error on the part of the district court, we affirm.

After the indictments were issued, one of Verkin's partners pled guilty and Verkin and the other two went to trial. In that trial, the government focused on two overt misstatements made by the partners: (1) that the partners claimed that some of the money from the GECU loan was used to buy out an old partner when the money was actually apportioned among the four partners and (2) that the partners lied when they claimed that the 500-acre parcel should be reduced because of surveying errors. All three were convicted by a jury and all three appealed.

In an unpublished opinion, a panel of this court held that the district court erred in permitting certain testimony and remanded for a new trial. On remand, Verkin's two remaining co-defendants both pled guilty and the case proceeded to trial. During the new trial, the government modified its theory with respect to the case. The government introduced new evidence that the appraised value of the 458 acres was inflated by Verkin, leading GECU to grant a

2

higher line of credit than it otherwise would.  Verkin was again convicted of conspiracy and bank fraud and he again appealed.

Verkin's principal argument on appeal is that, during the second trial, he was tried for a different charge from the one described in the indictment.  This argument fails as the evidence of an additional false statement does not change the offense with which Verkin is charged.

Verkin also argues that the evidence is insufficient to support the verdict.  In our first unpublished opinion, we admitted that this case is a relatively close one, but ultimately concluded that the evidence could be sufficient.  In our first opinion, we did note that, standing alone, the supposed misrepresentation about needing additional funds to buy out a partner was not particularly persuasive.  Verkin's argument is that if that misrepresentation is insufficient, then there is no evidence that Verkin was aware or participated in the misrepresentation about the survey.  Even if that were the case, however, there was sufficient evidence for the jury to reasonably conclude that Verkin participated in a misrepresentation of the appraised value of the land.  Although, as we have said previously, this is a close case, it is ultimately one for the jury to decide.

Verkin raises four other issues on appeal, but none of them present a reversible error on the part of the district court.  For the foregoing reasons, we therefore AFFIRM the ruling of the district court.

A F F I R M E D.[1]

---

[1]The appellant's renewed motion for release from custody pending appeal is DENIED as moot.